OWNER–OPERATOR INDEPENDENT DRIVERS ASSN., INC., Petitioner

v.

Anne S. FERRO, In her Official Capacity as Administrator of the Federal Motor Carrier Safety Administration, et al., Respondents.

No. 12–1483.

United States Court of Appeals, District of Columbia Circuit.

Jan. 22, 2014.

Paul D. Cullen, David Aaron Cohen, Joyce E. Mayers, The Cullen Law Firm, PLLC, Washington, DC, for Petitioner.

Jonathan Heuer Levy, Matthew M. Collette, Stuart F. Delery, U.S. Department of Justice, Ronald C. Machen, Jr., Esquire U.S. Attorney's Office, Paul Maitland Geier, Peter J. Plocki, U.S. Department of Transportation, Washington, DC, for Respondents.

Before: GARLAND, Chief Judge, and HENDERSON and TATEL, Circuit Judges.

### JUDGMENT

This petition for review of a statement of the Federal Motor Carrier Safety Administration (FMCSA) was considered on the record and the briefs filed by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is

ORDERED and ADJUDGED that the petition for review be dismissed.

The Owner–Operator Independent Drivers Association (OOIDA) petitions for review of a statement in a letter it received from Administrator Anne Ferro of the FMCSA. In the letter, FMCSA declined to "repudiate" the Commercial Vehicle Safety Alliance's "out-of-service criteria for fatigue," under which enforcement officers are instructed to issue fatigue-based out-of-service orders to commercial drivers upon "reasonable, articulable suspicion." The passage to which OOIDA objects noted that

> [t]he North American Standard Out–of–Service Criteria are all necessarily predicated on a finding of an FMCSR [Federal Motor Carrier Safety Regulation] violation. These OOSC identify the violations that have the greatest potential to impact safety as to require that the vehicle or driver be placed out-of-service (OOS) until such time that the violation has been resolved. Once an enforcement official makes a finding that a regulatory violation has occurred, an out-of-service order is appropriate to remedy the violation before transportation may resume. State law, not the OOSC, establishes the standard of proof necessary to issue a roadside citation for a violation of an FMCSR.

According to OOIDA, this language authorized enforcement officials to issue out-of-service orders to commercial drivers based on individualized determinations that those drivers are too fatigued to drive safely. OOIDA insists that because FMCSA has previously authorized issuance of fatigue-based out-of-service orders only when drivers have been on the road for longer than permitted, FMCSA improperly promulgated a legislative rule without notice and comment.

We agree with FMCSA that this Court lacks subject-matter jurisdiction over OOI-

DA's petition. *See* 28 U.S.C. § 2342(3)(A); *see also Moms Against Mercury v. Food & Drug Admin.,* 483 F.3d 824, 826 (D.C.Cir.2007) ("Where both standing and subject matter jurisdiction are at issue ... a court may inquire into either and, finding it lacking, dismiss the matter without reaching the other."). Under 28 U.S.C. § 2342(3)(A)—the only jurisdictional provision OOIDA points to—we have subject-matter jurisdiction over "rules, regulations, or final orders [ ] of the Secretary of Transportation." 28 U.S.C. § 2342(3), (3)(A); *see also Moms Against Mercury,* 483 F.3d at 828 (noting that petitioners have the burden of demonstrating that this Court has subject-matter jurisdiction over their claims). Far from outlining a new "rule[ ], regulation[ ], or final order[ ]," the challenged portion of Ferro's letter merely reiterated the undisputed fact that state enforcement officials can issue out-of-service orders in response to certain regulatory violations. *See National Tank Truck Carriers, Inc. v. Federal Highway Admin.,* 170 F.3d 203, 205 (D.C.Cir.1999). FMCSA is therefore correct when it notes that "sometimes a letter is just a letter. That is the case here." Respondents' Br. 16.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.